**ALD-286**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2034
_____

IN RE: DAVID ROBINSON,
                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2-16-cr-00144-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 20, 2020
Before: McKEE, SHWARTZ and PHIPPS, Circuit Judges

(Opinion filed: September 17, 2020)
_____

OPINION[*]
_____

PER CURIAM

David Robinson, a federal prisoner proceeding in forma pauperis, filed this pro se

petition for a writ of mandamus, seeking relief related to his criminal case in the District

Court. For the reasons that follow, we will deny the petition.

In July 2019, Robinson pleaded guilty to two counts of bank robbery, in violation

of 18 U.S.C. § 2113(a). The District Court sentenced him to a term of imprisonment of

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

151 months. Robinson appealed, challenging the District Court's ruling on a motion to suppress evidence, and we affirmed the judgment of the District Court. See United States v. Robinson, No. 19-3042, slip op. at 9 (3d Cir. Aug. 12, 2020).

While the appeal was pending, Robinson filed two motions for reconsideration of his sentence in the District Court. In those motions, Robinson primarily argued that the District Court had improperly classified him as a career offender, incorrectly calculated his criminal history score, and failed to consider mitigating factors to reduce his sentence. The District Court denied the first motion for reconsideration in March 2020, and the District Court denied the second motion in July 2020.

In May 2020, Robinson filed the mandamus petition here. He seeks an order directing his release from prison or adjusting his sentence based on essentially the same claims that he raised in his motions for reconsideration in the District Court.[1] He is not entitled to such relief.

A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted).

---

[1] To the extent that Robinson's petition requests an order directing the District Court to rule on his second motion for reconsideration, that request is now moot, as the District Court has denied the motion.

2

Here, Robinson essentially seeks to challenge the District Court's sentence and its rulings on the motions for reconsideration. Mandamus, however, is not a substitute for an appeal. Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996) (explaining that "a writ of mandamus may not issue if a petitioner can obtain relief by appeal"); see also Westinghouse Elec. Corp. v. Republic of Philippines, 951 F.2d 1414, 1422 (3d Cir. 1991). To the extent that Robinson seeks to raise postconviction challenges to his sentence, including the Brady claim that he appears to advance in his mandamus petition, mandamus relief is still not warranted. Authority to entertain a 28 U.S.C. § 2255 motion is vested in the district courts, see § 2255(a), and Robinson may resort to those procedures to raise postconviction claims at the appropriate time.